**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Date:  February 5, 2010

Courtroom Deputy:  Bernique Abiakam
Court Reporter:    Suzanne Claar
Probation Officer:  Caryl Ricca

**Criminal Action No.: 07-cr-00429-REB-22**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Mark Barrett |
| Plaintiff, | |
| v. | |
| 22.   SUNGWON KIM, | Lynn Pierce |
| Defendant. | |

**SENTENCING MINUTES**

**11:16 a.m.   Court in session.**

Court calls case.  Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum/addenda.

Counsel for the government confirms that counsel has read the presentence report and addendum/addenda.

*07-cr-00429-REB-22*
*Sentencing*
*February 5, 2010*

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum/addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence(s).

No statement by the defendant.

Brief statement by counsel for the government.

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the

congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the Government's Motion To Reduce Sentence Pursuant To Section 5K1.1 (Filed 2/4/10; Doc. No. 1212) is GRANTED.

3. That the Defendant's Motion For Variance From Advisory Guidelines To Sentence Of Probation Or In-Home Detention (Filed 9-1-09; Doc. No. 975) is DENIED as MOOT.

4. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count 45 of the Amended Superseding Indictment;

5. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to supervised probation for a term of **3 years,** during which the defendant shall be subject to the jurisdiction of the court and its probation department;

6. That while on supervised probation, the defendant shall comply with the following conditions of probation:

    - all mandatory conditions of supervised probation, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised probation approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of probation:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction

*07-cr-00429-REB-22*
*Sentencing*
*February 5, 2010*

        •     or place where defendant may be during the term of supervised release;

        •     that the defendant shall not possess or use illegally controlled substances;

        •     that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        •     that the defendant shall cooperate in the collection of a sample of his DNA;

        •     that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer unless defendant is then in complete compliance with the periodic payment obligations imposed in these orders.

        •     that at defendant's expense, the defendant shall be placed on home detention for a period of 5 months, **to commence with 21 days of today's date**; provided, furthermore, that during this time, (1) the defendant shall remain at defendant's place of residence except for employment and other activities approved in advance by the probation department; (2) the defendant shall maintain a telephone at defendant's place of residence without any special services, modems, answering machines, or cordless telephone for the above period; and (3) the defendant shall wear an electronic device at his own cost and expense, and shall observe the rules specified by the probation department;

7.     That no fine is imposed;

8.     That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00.;

9.     That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10.     That immediately following today's hearing, the defendant shall report in person to the probation officer to schedule an appointment to read, review

*07-cr-00429-REB-22*
*Sentencing*
*February 5, 2010*

     and sign the required conditions of probation.

  11. That the Government's Oral Motion to Dismiss, with Prejudice, any additional Crimes, Counts and Indictments as to This Defendant and This Defendant Only is GRANTED.

The Defendant waives formal advisement of appeal.

**11:38 a.m. Court in recess.**
Hearing concluded.
Total time in court: 22 minutes